(No. 23370.—)

THE PEOPLE *ex rel.* Joseph L. Gill, County Collector, Appellee, *vs.* 110 SOUTH DEARBORN STREET CORPORATION, Appellant.

*Opinion filed April 24, 1936.*

ROBERT N. HOLT, and ROBERT McCORMICK ADAMS, for appellant.

Thomas J. Courtney, State's Attorney, and Elmer J. Whitty, (Hayden N. Bell, Lawrence J. Fenlon, and Edmond P. Moloney, of counsel,) for appellee.

Mr. Justice Herrick delivered the opinion of the court:

The appellant, 110 South Dearborn Street Corporation, filed objections to the application of the county collector of Cook county in the county court of that county for judgment and order of sale against its property for certain taxes levied in 1933 by the Sanitary District of Chicago (hereinafter referred to as the district) for the payment of principal and interest on bonds of the district maturing in the first six months of 1935. The objections were overruled, judgment rendered against the property and for its sale and the objector has appealed.

The appellant contends there is no inherent power in municipal corporations created by authority of the State to levy taxes, and that taxing powers granted to such corporations must be construed strictly; that such corporations can exercise only such powers as are expressly granted by the statute, cites section 5f of the Chicago Sanitary District act relating to the annual appropriation ordinance, and asserts that its provisions necessarily limit and restrict the power to levy in 1933, for payment of principal and interest on its bonds, to the current year of 1933 and the next succeeding year of 1934. Section 5f so far as pertinent is as follows:

"The board of trustees shall, within the first thirty (30) days of each fiscal year, adopt the budget and shall finally pass an ordinance to be termed the annual appropriation ordinance, * * * in and by which * * * said board of trustees shall appropriate such sums of money as shall be necessary to pay the principal and interest on bonds for the current fiscal year and the next succeeding year." Ill. State Bar Stat. 1935, chap. 42, par. 341 (6), sec. 5f, p. 1377.

In further support of its contentions the appellant cites *Commissioners of Highways* v. *Newell,* 80 Ill. 587, *Town of Drummer* v. *Cox,* 165 id. 648, and *People* v. *Central Illinois Public Service Co.* 328 id. 440. These cases hold, in substance, that statutes pertaining to the power of municipal corporations to levy taxes shall be construed strictly, but none of the cases cited involved a levy for the payment of bonds theretofore issued, or interest thereon, by a municipal subdivision.

The record shows that beginning with 1928 there had been a long delay in the collection of the annual taxes and a material reduction in the percentage collected. According to a statement in the record prepared by the county collector of Cook county as of January 15, 1935, there had been a declining percentage ratio of taxes collected to levies and extensions ranging from 88.67 in 1928 to 61.30 in 1932.

The appellant was on April 1, 1933, and at the time of the hearing in the county court still was the owner of the premises in question. The tax levy ordinance for the year 1934 does not include any levies for bonds and interest maturing in the first six months of 1935, so there was no duplication of the levy for that period. Tax extensions began as follows: For 1931, on March 14, 1933; for 1932, on March 8, 1934, and for 1933, on November 11, 1934. The amount as levied in 1933 by the district, and as extended for the payment of bond and interest maturities in 1934 and the first six months of 1935, totalled about $12,000,000. It further appears that defaults on the district bonds and interest were, as of December 31, 1932, over $12,000,000, and that the percentage of taxes collected compared with taxes levied had then reached the low point of 61.30. In this situation the question arises whether the trustees were restricted by the provisions of the statute to an appropriation and levy in 1933 of such sum of money "as shall be necessary to pay the principal and interest on bonds for the current fiscal year and the next succeeding

fiscal year." Ill. State Bar Stat. 1935, chap. 42, par. 341 (6), sec. 5f, p. 1377.

Section 12 of article 9 of the constitution provides, in part, as follows: "Any * * * municipal corporation incurring any indebtedness as aforesaid, shall before, or at the time of doing so, provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due, and also to pay and discharge the principal thereof within twenty years from the time of contracting the same." We have heretofore held that said section 12 contemplates not only the levy of taxes sufficient to meet the payment of principal and interest on municipal bonds but likewise the collection thereof in such amounts, and that these constitutional provisions are mandatory and self-executing. (*People* v. *Westminster Building Corp.* 361 Ill. 153; *People* v. *New York Central Railroad Co.* 355 id. 80; *Gates* v. *Sweitzer,* 347 id. 353.) Taxes are presumed to be just and the burden rests upon the objector to sustain his objections to a particular tax. *People* v. *Chicago and Alton Railway Co.* 289 Ill. 282; *People* v. *Sandberg Co.* 277 id. 567; *People* v. *Westminster Building Corp. supra.*

Taxing authorities should, with reasonable accuracy, anticipate the amount of money necessary to be raised to meet the cost of operating their political subdivision and arrange to have on hand sufficient funds to meet the obligations thereof as they mature. (*People* v. *Westminster Building Corp. supra; People* v. *Crear,* 300 Ill. 611; *People* v. *Chicago and Northwestern Railway Co.* 331 id. 544.) Courts will not interfere with the exercise of sound business judgment on the part of taxing authorities but will intervene only to prevent a clear abuse by such officers of their discretionary powers. *People* v. *Baltimore and Ohio Southwestern Railway Co.* 353 Ill. 492; *People* v. *Westminster Building Corp. supra.*

Revenue statutes must be given a reasonable construction and no statute can override the positive provisions of section 12 of article 9 of the constitution making it the duty of a municipal corporation to provide for the payment of its bonded indebtedness and interest as the same fall due. (*People* v. *Day,* 277 Ill. 543; *Mathews* v. *City of Chicago,* 342 id. 120; *People* v. *Scott,* 300 id. 290; *People* v. *Louisville and Nashville Railroad Co.* 300 id. 312; *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 261 id. 33.) We have, under the mandate of the constitution, sustained the levy of a school district to pay bonds and interest which was assailed on the ground that the statutory tax rate was exceeded, (*People* v. *Scott, supra; People* v. *Louisville and Nashville Railroad Co. supra;*) and in *People* v. *Chicago and Northwestern Railway Co. supra,* a levy in the year 1926 by the county board of a tax to pay interest due in December, 1927, and principal due June 1, 1928, was upheld.

The record here shows the trustees of the district knew of the delays originating in 1928 in the collection of taxes and continuing thereafter, with the consequent default of the district in meeting its obligations at maturity and the impairment of its credit thereby. Judging from their past experience they were warranted in concluding that if the levy to meet the bonds and interest maturing in the first six months period of 1935 was not made until 1934, collections would not be made in apt time to meet such maturing obligations. It was their duty to exercise sound business judgment in anticipating the immediate financial requirements of the district as well as to be fortified against the day when the financial demands against the district accruing within the near future should be met. The constitution cast upon them the burden of levying taxes to meet the bonds and interest as they became due. In that exigency they were required to exercise their business acumen. As a matter of law the trustees had the power to

make the levy in question, and unless we can say they have abused their discretion in that respect their acts should not be disturbed.

We are of the opinion that the trustees were within their legal rights in making the levy and that their action was not arbitrary. The judgment of the county court will be affirmed.

*Judgment affirmed.*