(No. 24039.—

THE PEOPLE *ex rel.* Joseph L. Gill, County Collector, Appellant, *vs.* J. S. OTIS, Appellee.

*Opinion filed October 15, 1937.*

THOMAS J. COURTNEY, State's Attorney, (MARSHALL V. KEARNEY, JACOB SHAMBERG, WILLIAM T. CRILLY, and MANUEL E. COWEN, of counsel,) for appellant.

ROBERT E. CORCORAN, ROY R. BARR, OTTO C. RENTNER, and JAMES F. CLANCY, (ROBERT N. HOLT, ROBERT S. CUSHMAN, and POMEROY SINNOCK, JR., of counsel,) for appellee.

Mr. JUSTICE HERRICK prepared the opinion of the court:

The county collector of Cook county applied to the county court for judgment against the property of the objector, appellee here, for delinquent taxes for the year 1934. The appellee filed objections challenging the validity of the county highway corporate levy. Judgment was refused as to $1,441,550.24 of the levy of $1,700,000. The collector brings the record here by appeal.

The annual appropriation ordinance passed on February 5, 1934, appropriated $3,223,667.42 for county highway corporate purposes, which included $1,523,667.42 payable from sources other than the tax levy to be thereafter made. The ordinance specifically particularized the object and purpose of each item and the exact amount appropriated for each. The following appears in the appropriation ordinance relating to tax anticipation warrants and tax anticipation notes: "Interest on 1929 Notes—Dec. 1, 1933, to Nov. 30, 1934, $25,000; Interest on 1932 Tax Warrants, Dec. 1, 1933, to Nov. 30, 1934, $15,000; Interest on 1933 Tax Warrants, Dec. 1, 1933, to Nov. 30, 1934, $25,000; Interest on 1934 Tax Warrants, Dec. 1, 1933, to Nov. 30, 1934, $100,000." Also an item as follows: "Tax Defi-

ciency Fund, 12 per cent on Estimated Income of $2,-925,000, $204,000." (Computation not ours.) The county court held that the item of tax deficiency fund of twelve per cent, said to amount to $204,000, should be treated as "loss and cost," and of this amount all in excess of .0463, or $109,548, was improperly included therein; that a further item of $258,449.76, appropriated for and specifically stated in the tax levy to be payable from and included in the tax levy for salaries and wages of regular employees of the highway department, was properly levied, and overruled objections thereto. The correctness of this latter ruling is not challenged. This latter amount was deducted from the levy of $1,700,000 and objections sustained to the balance of $1,441,550.24. The objector takes the position that the levy was void as to the last named sum. To support his charge, he urges (a) that there was a tax levied to pay the interest for prior years on the anticipation warrants and notes, and (b) that the levy does not show, among the many items, what are payable from sources without the levy nor what are within the levy, and therefore the levy fails as to $1,441,550.24. The objection to the "tax deficiency fund" will be referred to later.

The appropriations fall into two distinct groups. Under the first class are detailed the wages and salaries of the regular employees of the highway department aggregating $516,282.04, of which $257,832.28 was payable from other sources than the tax levy, leaving $258,449.76 to be raised by the levy. In the other division are minutely detailed different appropriations consisting of one hundred and twenty-eight separate and distinct items pertinent to the highway department. In this schedule is the interest on the tax anticipation warrants and tax anticipation notes. The total of this division is $2,707,385.38. This amount represents the difference between the total of $3,223,667.42 and the sum of $516,282.04, the total of the first group. This state-

ment and itemization of the different groupings is carried verbatim into the tax levy.

The tax levy ordinance, in so far as relevant here, is as follows:

| | Total Full Year | Amounts of Appropriations Payable from Special Income | Amounts of Appropriations Payable from Other Sources Than Tax Levy | Amounts of Appropriations Payable from and Included in The Tax Levy |
|---|---|---|---|---|
| 40-97 Interest on Tax Anticipation Warrants — For the purpose of payment of interest on Tax Anticipation Warrants and Tax Anticipation Notes as follows: | | | | |
| Interest on 1929 Notes—Dec. 1, 1933 to Nov. 30, 1934 | 25,000.00 | | | |
| Interest on 1932 Tax Warrants, Dec. 1, 1933 to Nov. 30, 1934 | 15,000.00 | | | |
| Interest on 1933 Tax Warrants, Dec. 1, 1933 to Nov. 30, 1934 | 25,000.00 | | | |
| Interest on 1934 Tax Warrants, Dec. 1, 1933 to Nov. 30, 1934 | 100,000.00 | | | |
| 40-98 Tax Deficiency Fund 12% on Estimated Income of $2,925,000 | 204,000.00 | | | |
| GRAND TOTAL APPROPRIATION — COUNTY HIGHWAY FUND | $3,223,667.42 | | $1,523,667.42 | $1,700,000 |

Subdivision 6 of section 61 of the Counties act (Smith-Hurd Stat. 1933, p. 851; Cahill's Stat. 1933, p. 846;) prescribes what matters and things relevant to the assets and liabilities must be shown in the annual appropriation bill for Cook county. Among these, there must be set out by classes, (1) all current assets and liabilities of each fund of the county as of the commencement of the fiscal year and (2) the amount of such assets available for appropriation in such year, either for expenditures or charges to be made or incurred during such year, or for liabilities unpaid at the beginning thereof. The estimates of liabilities of the respective funds shall include (*a*) the principal of all

anticipation tax warrants, (b) the principal of all notes issued in anticipation of taxes and (c) all temporary loans and the accrued interest thereon unpaid on the three several classes of liabilities at the beginning of the fiscal year. Section 121 of the Revenue act (Smith-Hurd Stat. 1933, chap. 120, p. 2368; Cahill's Stat. 1933, p. 2320;) directs that the county boards of the respective counties shall annually at the September session determine the amount of the annual taxes to be raised for all purposes, and when for several purposes, the amount for each purpose shall be stated separately. By the provisions of section 62 of the Counties act, (Smith-Hurd Stat. 1933, p. 857; Cahill's Stat. 1933, p. 853;) the county clerk, who is *ex officio* comptroller of Cook county, shall, on or before the first Monday of each year, submit to the board a report which shall contain the following information: "3. Estimates, by funds, of the amounts which it will be necessary for said county board to appropriate for expenditures or charges to be made or incurred during the next succeeding fiscal year, including estimates of the interest to accrue during such year upon anticipation tax warrants and notes and temporary loans."

It will be observed that under the statute the county comptroller must submit to the county board his estimate of interest to accrue for the succeeding fiscal year on tax anticipation warrants and tax anticipation notes. The county board, in turn, when it makes its appropriation bill for the ensuing fiscal year, must show the principal amount of all anticipation tax warrants with all accrued interest thereon unpaid at the beginning of the fiscal year for which the appropriation is made. At least one purpose of the report required by the statute from the comptroller to the county board is, to advise that body of the financial condition of the county and of the various departments coming under the board's jurisdiction, in order that the board may be advised as to such financial condition in considering the

amounts required for the several corporate objects for which funds should be appropriated and the subsequent levy of taxes made.

The assets of the county corporate fund were scheduled in the appropriation ordinance. The whole amount of uncollected taxes for the years 1929, 1932, and 1933 was listed. In order to reflect the true financial condition of the corporate funds it was necessary to show, on the debit side of the statement, the amount of tax anticipation warrants and tax anticipation notes outstanding, with interest accrued thereon, and also the estimated amount of the inerest to accrue thereon pending the collection of such taxes. Such anticipation warrants and notes were not general liabilities of the county, or of the highway body, and were payable only out of the several tax levies against which they were severally issued. (*People* v. *Hamilton*, 366 Ill. 455.) Nevertheless, they represented appropriation of such uncollected taxes to the extent of the outstanding warrants and notes, with the accrued, as well as future accruing, interest. The objector insists that, as shown in the appropriation ordinance and tax levy, the interest to accrue for 1934 on the tax anticipation warrants and notes theretofore issued against the tax levies for prior years, were shown as general obligations of the county and a tax levied accordingly. By considering the portion of the appropriation ordinance heretofore set out *hæc verba,* it will be seen that, numbering the columns thereof from left to right, under column 1 appear the several items constituting the various appropriations; column 2, "Amounts of appropriations payable from special income." No entries are made under this heading for the reason, apparently, that no payment of any part of the 1934 appropriation was to be made from special income. Continuing to the right, under column 3 the heading is: "Amounts of appropriations payable from other sources than tax levy." No entries are made under column 3, except two, as follows:

Opposite the index figure 40-11 appears, "Total salaries and wages of regular employees, highway dept., $257,832.28." The other entry is on the last page of the ordinance. At the foot of that page appears under the heading of column 1, "Grand Total Appropriation—County Highway Fund, $3,-223,667.42." Immediately to the right of this entry and under column 3, appears the sum, $1,523,667.42, and then, next to the right of this entry and under column 4, "Amounts of appropriations payable from and included in the tax levy, $1,700,000." This latter amount represents the result obtained by subtracting from the said $3,223,667.42, the amount of $1,523,667.42, representing the total appropriations payable from sources other than the tax levy. Even a cursory examination of the appropriation and levy shows that $1,523,667.42, stated under column 3 to be "Amounts of appropriations payable from other sources than tax levy," is vastly more than ample to pay all the outstanding tax anticipation warrants, tax anticipation notes and temporary loans with accrued interest.

The law rightfully presumes that the taxing authorities will discharge their duties in accordance with the law. (*People* v. *110 South Dearborn Street Corp.* 363 Ill. 286; *People* v. *Wabash Railway Co.* 339 id. 130; *People* v. *Chicago and Alton Railway Co.* 289 id. 282; *People* v. *Sandberg Co.* 277 id. 567; *People* v. *Keener,* 194 id. 16.) It would have been the better practice to have entered under column 3 each item of interest on the tax anticipation warrants and tax anticipation notes and all items coming under that classification other than the estimated amount of interest on tax anticipation warrants to be issued for the year 1934, but the fact that this was not done does not make void the entire highway levy, exclusive of the sum of $258,449.76, which the court below held to be valid. The payment of such warrants and notes as to any holder thereof could be enforced out of the taxes collected for the year against which the warrants and notes were issued. Any

tax-payer could prevent, if necessary, the diversion of the general tax fund to the satisfaction of the warrants and notes. (*Berman* v. *Board of Education,* 360 Ill. 535, 543.) It is obvious that the board determined it would be necessary to issue tax anticipation warrants against the 1934 taxes and estimated the amount of interest that would accumulate thereon. The inclusion of the sum of $100,000 in the tax levy for estimated interest on tax anticipation warrants to be issued against the levy of 1934, was within the terms of the statute. If there was no necessity for the issuance of tax anticipation warrants against the tax of 1934, or the estimate was so excessive as to constitute a legal fraud, the burden was on the objector to prove such situation. (*People* v. *110 South Dearborn Street Corp. supra; People* v. *Westminster Building Corp.* 361 Ill. 153.) The purposes and objects of the different items for which the tax levy was made were sufficiently set forth in the levy ordinance. *People* v. *Diversey Hotel Corp.* 364 Ill. 298.

The objector relies upon *People* v. *Chicago, Burlington and Quincy Railroad Co.* 360 Ill. 433, as sustaining his position here. In that case, the appropriation and levy ordinances stated (1) no source from which the several items to which objections were filed could be paid other than from the tax levy and (2) the record disclosed, upon its face, an attempt to levy for admittedly illegal objects with a later ineffectual undertaking to cure the levy in that respect. That case does not control here.

There remains the question of the correctness of the trial court's holding relative to the item of $204,000 designated in the appropriation and levy ordinance as "tax deficiency fund." It was stipulated between the parties here that the judgment of the court reached in *People* v. *Schweitzer,* 366 Ill. 568, should control on that issue as presented in this record. We have decided in the *Schweitzer case* that the ruling of the court sustaining the objection to the item of "Tax Deficiency Fund, 12 per cent" was erroneous. Ac-

cordingly that judgment is followed on that phase of the present case.

The judgment of the county court is reversed and the cause is remanded, with directions to overrule the objections.

*Reversed and remanded, with directions.*