(No. 25336.—

THE PEOPLE *ex rel.* Horace G. Lindheimer, County Collector, Appellant, *vs.* HARRY AXELROD, Appellee.

*Opinion filed December 15, 1939—Rehearing denied April 12, 1940.*

STONE and JONES, JJ., dissenting.

THOMAS J. COURTNEY, State's Attorney, RICHARD S. FOLSOM, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, (JOSEPH B. FLEMING, JOSEPH H. PLECK, and THOMAS M. THOMAS, of counsel,) for appellant.

SCOTT, MACLEISH & FALK, (ROBERT S. CUSHMAN, and POMEROY SINNOCK, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The county collector has appealed from a judgment of the county court of Cook county sustaining appellee's objections to the 1936 taxes of the board of education of the city of Chicago. Appellee objected to levies claimed to be for interest to accrue on tax anticipation warrants to be issued against the 1936 tax levy in the sum of $1,400,000 for the educational fund, $300,000 for the building fund and $12,000 for the playground fund. It was stipulated that said amounts were appropriated for the estimated amount of interest which would accrue to date of payment on the warrants, which it was estimated would be issued in anticipation of the taxes levied in 1936, and that the appropriations were included in and to be paid from the sev-

eral lump sum levies for the year 1936,—for the educational fund, $49,000,000; building fund, $13,192,437, and playground fund, $568,639.54. Appellee also objected that if part of each of the three tax levies was illegal a ratable portion of the loss and cost should be deleted. The facts relating to the three funds are similar, and only the educational fund will be specifically referred to hereafter.

Appellant contends that the board of education, in making its appropriations, had the right and duty to determine whether anticipation warrants would have to be issued against the 1936 levy for educational purposes, and to take this appropriation into consideration in making the $49,000,000 lump sum levy for educational purposes. Appellee insists that under section 132 of the School law, (Ill. Rev. Stat. 1937, chap. 122, par. 155,) and under decisions of this court, an appropriation for interest to accrue on tax warrants to be issued may not enter into and form a part of the tax levy. Section 132 provides: "The board of education shall have power  *  *  *  when there is not sufficient money in the treasury to meet the ordinary and necessary expenses for educational and for building purposes  *  *  * to request the city council, whose duty thereupon it shall be to order issued warrants against and in anticipation of any taxes levied for the payment of the expenditures for educational and for building purposes * * * to the extent of seventy-five per cent of the total amount of taxes levied for such purposes:  *  *  *  Every warrant issued against said taxes shall bear interest, payable out of the taxes against which said warrants are drawn."

Tax anticipation warrants are not general obligations of the municipality issuing them and the holder thereof must depend solely upon collection from the levy anticipated and the ability and fidelity of the revenue officers of the municipality. When issued, tax anticipation warrants discharge the corporation from all liability on account of the services or obligation for which they were accepted. A

municipal corporation may not, therefore, issue bonds to pay outstanding tax anticipation warrants, since such bonds are not issued for a corporate purpose. (*Berman* v. *Board of Education,* 360 Ill. 535.) In like manner, a municipality may not levy taxes to pay outstanding tax anticipation warrants, since one fund has already been created to pay such warrants, and a subsequent levy would not be for a corporate purpose. (*People* v. *Schiek,* 368 Ill. 353; *People* v. *Wabash Railway Co.* id. 497.) We have held that a taxing body in making a levy for a corporate purpose has the right to consider certain items that will reduce the net amount realized from taxes, such as loss and cost of collection and the estimated amount of interest on anticipation warrants to be issued against the particular fund. (*People* v. *Wabash Railway Co. supra.*) The taxes thus levied may be anticipated and when the interest on the anticipation warrants is paid, it must be paid from the tax levy against which the warrants were drawn. The tax thus levied becomes the single fund from which the warrants and interest thereon must be paid.

Section 135½ of the School law requires a budget to be adopted before the taxes may be levied. (Ill. Rev. Stat. 1937, chap. 122, par. 158a.) In express terms it requires that the board of education shall appropriate for interest to accrue on tax anticipation warrants. In so far as applicable here, section 135½ provides: "The board of education shall, within the first quarter of each fiscal year, adopt a budget and shall pass a resolution to be termed the 'annual school budget,' in and by which annual school budget the said board of education * * * shall appropriate such sums of money as may be required to defray all necessary expenses and liabilities of ·said board to be paid or incurred during such fiscal year, including interest to accrue on anticipation tax warrants and temporary loans; * * * (d) all other liabilities, including the principal of all anticipation tax warrants and all temporary loans and

all accrued interest thereon, incurred during prior years and unpaid at the beginning of such fiscal year;" etc.

This section requires that all estimates shall be so segregated and classified as to funds, and in such other manner, as to give effect to the requirements of law relating to the respective purposes to which the assets and taxes and other current revenues are applicable, to the end that no expenditures shall be authorized or made for any purpose in excess of the money lawfully available therefor. The act forbids the making of any contract or the incurring of any liability by the board of education, unless an appropriation therefor shall have been previously made by the board in the prescribed manner. The appropriations in the budget are made void if they exceed the assets available for appropriation including the taxes to be levied. Forfeiture of office and a heavy fine are provided if the board violates the provisions of the Budget law.

The summary statement of estimated resources and appropriations for the educational fund for 1936 shows resources of $176,250,220.59, which is divided into two classifications, namely, available current assets, $120,747,520.59, and estimated current revenues, $55,502,700. The appropriations consisted of liabilities of prior years, $127,401,200.59, and expenses and charges to be made or incurred during the current year, $48,848,977. It will be noted that estimated resources exceeded appropriations by $43.

The current revenue item of $55,502,700 was derived from miscellaneous revenue of $6,502,700, and the tax levy of $49,000,000. However, the total of $55,502,700 was not all available for appropriation for current expenses for the year for the reason the educational fund had a deficit of $6,653,680, which was deducted, leaving $48,849,020 available for appropriation for current expense. The items for which appropriations were made were grouped under various headings and were in some instances further subdivided. For illustration, one group under the heading "personal ser-

vices" contained four subdivisions as follows: Teachers' salaries, regular, $28,986,468; teachers' salaries, special, $302,344; civil service salaries, $6,307,889, and fees and compensation, $78,250. The total for the group was $35,674,951. Other group headings were: Services other than personal, with six subdivisions and a total appropriation of $1,019,645; supplies, $2,008,350; equipment, $92,041; working cash fund, $4,000,000; loss and cost of collections, abatements, etc., $2,940,000; interest on temporary loans, $1,400,000; retirements under Miller law, $700,000; additional for miscellaneous salaries, contracts, etc., $1,013,990. The aggregate of the several headings is $48,848,977. The deficit in the educational fund of $6,653,680, plus $43, the excess of revenues over the appropriations, plus the total of the several headings equals $55,502,700, which balances the current revenue item, as stated in the budget. The levy contained but a single item for educational purposes, namely $49,000,000. From this analysis of the various items in the budget, it is apparent the board of education estimated the amount necessary for the year for each particular item and estimated the amount of interest that would accrue on the anticipation warrants that it would be necessary to issue. There is no contention as to the estimated amount of interest that will accrue on anticipation warrants, but the objection is directed to the inclusion of it in the lump sum levied. The board of education was required to detail the estimates of receipts and expenditures as to the educational fund and to make a levy large enough to cover its needs.

In *People* v. *Wabash Railway Co. supra,* it was held that in determining the amount to be levied to pay the State's attorney's salary, it was proper for the taxing body to take into consideration certain items, including the probable loss and cost in collections and interest on any anticipation warrants which might be issued against the fund. The testimony of the witness Brackett, and the stipulation, show the

board of education had paid interest on anticipation warrants and the warrants themselves only out of the levies against which the warrants were issued, except in one instance where the legislature had authorized a bond issue for that purpose. It has been demonstrated in the foregoing references to the budget tables and the proof in the record that in making the budget the board of education complied with the statute. There were only lump sum levies for educational, building and playground funds. These three levies contained no levy for interest, as such, to be paid on warrants to be issued against the current tax levy made in 1936.

In *People* v. *Peterson,* 366 Ill. 613, it was contended that the board of education had made a levy to pay interest on outstanding tax anticipation warrants. The budget contained an appropriation for interest on tax anticipation warrants, but it also contained as an asset, a larger item of uncollected taxes for prior years. The proof showed that the board of education had always paid anticipation warrants out of the taxes anticipated, and there was no evidence that any different course of action was contemplated for the levy there involved. We held that the board of education had followed the commands of the Budget law, and that there was no levy to pay prior anticipation warrants. It was presumed that the appropriation for interest on outstanding anticipation warrants would be paid out of the proper levies, alone, instead of from the current levy. *People* v. *White,* 367 Ill. 415, involved the same levy and reached the same conclusion.

*People* v. *Otis,* 367 Ill. 136, is directly in point. We there considered the 1934 Cook county levy for highway purposes. The appropriation ordinance contained an item of $100,000 for estimated interest on tax anticipation warrants to be issued against the levy for 1934, and this was carried into the levy. We upheld this levy and said: "It is obvious that the board determined it would be necessary to issue tax anticipation warrants against the 1934 taxes

and estimated the amount of interest that would accumulate thereon. The inclusion of the sum of $100,000 in the tax levy for estimated interest on tax anticipation warrants to be issued against the levy of 1934, was within the terms of the statute. If there was no necessity for the issuance of tax anticipation warrants against the tax of 1934, or the estimate was so excessive as to constitute a legal fraud, the burden was on the objector to prove such situation."

In *People* v. *Schiek, supra,* the objection was to "tax warrants issued against tax levies of 1934 and prior years," and the discussion in the opinion assumes that the levy was made to pay a charge which was not a corporate purpose. This court said: "The 1934 levy could not legally include a levy for payment of such interest, as it is to be paid from the  *  *  *  taxes against which the warrants were issued." *People* v. *Wabash Railway Co. supra,* involved a separate levy of $4000 for interest on tax anticipation warrants. The opinion plainly assumes that the warrants had already been issued and that the county was attempting to create another fund to pay obligations for which it was no longer liable. The court said: "It follows that the creation of another fund with which to pay such interest results in double taxation, because the interest has already been provided for in the levy for the fund out of which it is solely payable." The court distinguished *People* v. *Otis, supra,* which involved interest on warrants to be issued in the future, and this would have been impossible if both cases had involved warrants to be issued. Further, in *People* v. *Wabash Railway Co. supra,* this court upheld a levy of $4500 for the salary of the State's attorney of Christian county, and said: "It is to be remembered that the board, in calculating the amount of the deficiency necessary to be levied, had the right to take into consideration the probable loss and cost in collection, the delay in collecting the full amount levied, as hereinafter mentioned, and interest on any anticipation warrants which might be issued to provide for payment of the salary."

Appellee contends that the School Warrant act (section 132, *supra,*) and not the Budget law (section 135½, *supra,*) governs anticipation warrants. He relies on *People* v. *Huron and Orleans Building Corp.* 368 Ill. 469, where the board of education of the city of Chicago appropriated, in 1935, to pay deficiencies in appropriations for interest on temporary loans in prior years. For example, the board appropriated $3,000,000, in 1929, for interest on temporary loans, and spent $3,262,305.34. It was contended that under the Budget law the maximum amount that could be spent for interest was the $3,000,000 appropriated, and that only the unexpended balances, if any, could be appropriated in subsequent years. We upheld an appropriation of $2,718,210, in 1935, for interest on prior anticipation warrants. Although the decision is correct, it is not in point. The board of education could not evade the interest charges against the fund anticipated by failing to appropriate for interest. The obligation of the fund to pay interest was created by the School Warrant act. The Budget law was intended to regulate the business affairs of the board of education, and not to create and define its obligations. The appropriation in *People* v. *Huron and Orleans Building Corp. supra,* was for interest accrued on outstanding anticipation warrants and was expressly authorized by the Budget law.

Our holdings in *People* v. *Wabash Railway Co. supra,* and *People* v. *Otis, supra,* sustain the contention of the appellant that the levies here involved are valid. We need not discuss the propriety of deducting *pro rata* from the amounts for loss and cost where other parts of the levy are invalid. The levies here objected to were valid and the county court of Cook county erred in sustaining appellee's objections. The judgment of that court is reversed and the cause is remanded, with directions to overrule appellee's objections. *Reversed and remanded, with directions.*

STONE and JONES, JJ., dissenting.