(No. 26007.—
THE PEOPLE *ex rel.* John Toman, County Collector, Appellant, *vs.* THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY, Appellee.

*Opinion filed Sept. 15, 1941—Rehearing denied November 12, 1941.*

548

THOMAS J. COURTNEY, State's Attorney, (MARSHALL V. KEARNEY, JACOB SHAMBERG, BRENDAN Q. O'BRIEN, ELMER W. ARCH, GUY C. GUERINE, and MAURICE G. SHANBERG, of counsel,) for appellant.

ROBERT N. HOLT, and POMEROY SINNOCK, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The county collector of Cook county appeals from a judgment of the county court sustaining the objections of the defendant, the Chicago and Northwestern Railway Company, to certain taxes for the year 1938 levied by the villages of Melrose Park and River Forest.

The taxes of Melrose Park were extended on a certified copy of the levy ordinance filed in the office of the county clerk. By this ordinance the total levy for corporate purposes amounted to $106,970. The total assessed value of all the taxable property within the village was

$4,499,896. In order to raise the full amount levied it would have been necessary to extend the taxes at a rate of 2.3771 on each $100 assessed valuation. The rate actually extended was .6666. The extension at this rate produced in taxes only twenty-eight per cent of the amount levied.

The sole objection is that the levy was made in a grossly illegal and fraudulent amount, thereby rendering it impossible for the taxpayer to determine the amounts within legal limits to be levied and appropriated for each purpose, and, on the other hand, making it possible for the village board to defeat objects which the taxpayer feels should be taken care of and to divert the funds to other objects beyond their current needs. Defendant did not attack the itemization in the appropriation and levy ordinances, nor did it object to an excess of taxes extended at an excessive rate. Admittedly, the taxes were extended at a rate authorized by law. To sustain the ruling of the trial court upon its first objection, the contention is made that the levy and appropriation ordinances are so grossly excessive as to be constructively fraudulent. It is, accordingly, argued that this resulted in an appropriation and levy of taxes in a lump sum in violation of section 1 of article 8 of the Cities and Villages act (Ill. Rev. Stat. 1939, chap. 24, par. 123, p. 405) which requires the appropriation and levy ordinances to specify, in detail, the purposes for which the taxes are appropriated and levied.

It is insisted that the taxpayer has the right to require a levy ordinance from which he can determine the amount levied for each purpose for which the taxes are levied, without being compelled to make a mathematical computation in order to ascertain the amount levied for any purpose. Defendant further maintains that when the taxpayer examined the levy ordinance and found a total levy of $106,970, and ascertained that the county clerk only extended taxes in the amount of $29,994, he was required to

make a computation to determine the amount levied under the ordinance for each purpose specified therein. This, it is claimed, violated the statute for the reason that it does not appear from the face of the ordinance the amount levied for each purpose, and is, in effect, a lump sum levy. The question raised by this objection is both new and novel. The theory advanced by defendant in support of this objection would be wholly impracticable in its application. It would be most difficult, if not impossible, for municipal officers to always appropriate and levy the exact amount of taxes which could be actually collected for each purpose for which taxes are levied. In fact, at the times the appropriation and levy ordinances are required by statute to be passed, the rate at which the taxes can be lawfully extended cannot be known. Municipal authorities have nothing to do with fixing the rate at which taxes are extended. They have no way of anticipating exactly what the rate may be. This rate must be thereafter fixed and determined by the county clerk, within certain limits imposed by law. The county clerk must determine the rate at which the taxes shall be extended by him by taking into consideration the levies filed in his office by all the various taxing bodies within his county. He must scale, or reduce, the levies certified so as to bring the rate within the limits fixed by law. (Ill. Rev. Stat. 1937, chap. 120, pars. 329, 330.) The determination, annually, of the amounts necessary to be raised by taxation for corporate purposes is committed to the municipal authorities. Their judgment as to such amounts is final. They are neither authorized, nor required, to fix the amount of taxes to be extended. What the law requires them to do is to ascertain the amounts necessary for their corporate purposes for the current year. (Ill. Rev. Stat. 1939, chap. 24, par. 123, p. 405.) They merely fix the amounts which, in their judgment, will be needed to defray the corporate expenses of the municipality for the tax year. The amount of taxes which will be ex-

tended must be determined by the county clerk, in accordance with the statute, after the levies are made. The protection of the taxpayer is found in the statute which requires the county clerk to extend the taxes at not to exceed the lawful rate, which he must determine regardless of the amount of the levy. If the taxes are extended at an excessive rate, the taxpayer may object to the excess taxes produced by the excessive rate. He is fully protected from the payment of taxes extended in excess of the lawful rate.

It is also argued that to permit a municipality to make a grossly excessive levy in amounts much greater than can be lawfully extended will result in fraudulent use of the taxes when collected. Illustrative of the fraudulent use of one fund, and the depletion of others, defendant suggests that a concrete example may be found in the payment of anticipation warrants issued against the taxes levied; that anticipation warrants may be lawfully issued up to seventy-five per cent of the taxes levied; that when the taxes here involved were extended in an amount of only twenty-eight per cent of the amount levied, the amount collected may have been much less than the anticipation warrants lawfully issued, and that this would result in a fraud on purchasers of anticipation warrants. This argument is not persuasive. It is well settled that an anticipation warrant is simply an assignment of tax money, if and when collected. It creates no debt or obligation on the municipality whatever, except to apply the taxes, when collected, to the payment of the warrant in so far as the amount collected may extend. (*Dimond* v. *Comr. of Highways,* 366 Ill. 503.) The purchaser of an anticipation warrant must rely solely upon the ability and fidelity of the revenue officials in the collection and payment of the money mentioned in the warrants. *Berman* v. *Board of Education,* 360 Ill. 535.

It is further argued that where the municipality actually receives less than the total amount of taxes levied there is nothing to prevent it from applying to any purpose speci-

fied in the levy ordinance a greater amount than the just proportion of taxes actually collected for the particular purpose, and still keep within the amount appropriated and levied for such purpose; that this would result in an unlawful apportionment and use of taxes received as between different purposes specified in the levy. The foregoing argument is equally unsound. It presupposes that the village officers will not faithfully discharge their duties. In this presumption we cannot indulge. The rule that the courts cannot assume that public officials will not discharge their duties according to law is too well settled to require the citation of authorities.

The objection that the levy for corporate purposes for the village of Melrose Park was so grossly excessive it contained no itemization of the purposes for which the taxes were levied or specification of the amounts levied for each purpose is not well founded. . It should have been overruled.

Defendant's objection to the village taxes of the village of River Forest is that although both the appropriation and levy ordinances for 1938 set forth in detail all the purposes, in making the levy, deductions are made from the appropriations for six departments of sums representing the receipts from sources other than taxation, leaving in those departments a lesser amount for which a levy is made. The departments and the respective amounts appropriated and levied, to which objection is made, are as follows:

|  | Amount Appropriated. | Amount Levied. |
| --- | --- | --- |
| General Administration Department.... | $24,030 | $18,030 |
| Public Welfare Department............ | 19,300 | 12,300 |
| Police Department ................... | 42,100 | 31,100 |
| Fire Department .................... | 13,730 | 11,230 |
| Health Department ................. | 1,550 | 1,050 |
| Legal Department ................... | 2,600 | 1,600 |

The foregoing levies are challenged on the ground that they neither determine the amount of the valid appropria-

tions nor itemize in detail the amount for each purpose for which the levy is made, and that, in consequence, the levies and taxes extended on account thereof are void.

In the appropriation ordinance the several purposes for which money was appropriated are itemized in detail and the amount of each purpose is specified separately. Section 1 is divided into separate paragraphs numbered from one to twenty, both inclusive. Each of these paragraphs makes an appropriation for a separate department or specific function of the village government. Each paragraph contains, in detail, the amounts appropriated for each of the several purposes in the caption such as "General Administration Department" and "Municipal Bonds and Interest" referred to in the paragraph. The several amounts included in each paragraph are then totaled as the appropriation for the particular department or specified function. The appropriation for each department, after being totaled, as described, is followed by appropriate language making an appropriation of the total amount. This sum is determined by adding together the appropriations for all the separate items in the paragraph. In some of the paragraphs the full amount of the aggregate appropriation for the department is then appropriated from taxes to be levied for corporate purposes. In others, such as the General Administration Department, only a portion of the aggregate sum appropriated for the particular department or named purpose, as itemized in the paragraph, is appropriated to be paid from taxes. The balance is then appropriated to be paid from income of the village from sources other than taxes. In all cases, where the amount appropriated to be paid from the general corporate taxes is less than the total amount of the appropriations for all the purposes of the department, in the same paragraph, the ordinance appropriates an amount equal to the difference to be paid out of the income of the village other than taxes.

Paragraph 1 of the ordinance is typical. In this paragraph there are fifteen specific items appropriated under

the heading "General Administration Department." These items are then totaled, the aggregate being $24,030. Following this amount, the language of the ordinance is as follows:

"Appropriated for the foregoing expense of The Department of General Administration from the income of the Water Department . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,000.00
Appropriated for the foregoing expenses of the Department of General Administration from the tax for General Corporate Purposes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $18,030.00"

In like fashion, appropriations from the income of the water department reduce the amounts required to be appropriated from the tax for general corporate purposes of the public welfare, police, fire, health and legal departments. No question is presented as to the propriety of other items in the corporate fund and to items for other specified purposes. Seventeen paragraphs of the appropriation ordinance, including the six in controversy, are set out *in haec verba* in section 2 of the levy ordinance. Then follows, in section 3 of the ordinance, this language:

"There is hereby levied upon all property subject to taxation within the Village according to the assessed valuation thereof, to be collected from the tax levied for the current fiscal year for the purposes herein indicated and itemized in the preceding sections. For General Corporate purposes, the sum of . . . . . . . . . . $82,969.00"

Levies for eight other purposes not in issue follow, and section 3 concludes:

"Total amount levied . . . . . . . . . . . . . . . . . . . . . . . . . . . $175,899.00"

Section 1 of article 8 of the Cities and Villages act, (Ill. Rev. Stat. 1939, chap. 24, par. 123,) so far as applicable, provides: "The city council or board of trustees, as the case may be, shall annually, on or before the third (3rd)

Tuesday in September in each year, in cities or villages containing 500,000 or less inhabitánts, and prior to the twenty-eighth day of March in each year in cities or villages containing more than 500,000 inhabitants, ascertain the total amount of appropriations for all corporate purposes legally made and to be collected from the tax levy of that fiscal year; and, by an ordinance specifying in detail the purposes for which such appropriations are made and the sum or amount appropriated for each purpose respectively, shall levy the amount so ascertained upon all the property subject to taxation within the city or village as the same is assessed and equalized for State and county purposes for the current year." Defendant maintains the quoted provision requires that the village board of trustees must, by an ordinance, first determine the legal appropriations to be paid out of the tax levy and, secondly, itemize those particular appropriations separately as against each separate item, specifying the exact sum to be levied to pay the particular item. To sustain the levies assailed, the collector contends that where a levy ordinance follows an appropriation ordinance in material respects, as here, is otherwise properly itemized, as defendant concedes, and shows a subtraction from the total of the itemized amount of each department of the village of a sum available from other sources than the tax levy, the subtraction constitutes an adequate compliance with the applicable statute. The precise issue made by the parties is, thus, the legality of the deduction of a separate sum appropriated from the income of the water department from the total levy of each of the six departments in controversy. The collector insists, and the defendant denies, that the taxpayer can make a mathematical computation to determine the valid proportion of the levy for every valid item in the six departments and that, hence, the entire levies for those departments are valid. Accordingly, the decisive question is whether the taxpayer can make a mathematical computation to deter-

mine the proportion of the levy for each item in the General Administration, and other departments.

*Chicago, Peoria and St. Louis Railway Co.* v. *People,* 225 Ill. 463, sustains the collector. There, the contention was made that the Alton city tax was illegal because the levy ordinance, setting forth in detail the items of appropriation, did not itemize the amount levied. The ordinance assailed provided: "That there shall be assessed, levied and collected upon and from all the taxable property, * * * $43,428.18, to be used for the following purposes, to-wit: Waterworks, $9700; lights, $13,000; police, $11,000; salaries, $7000; fire department, $9000." The foregoing and other like items made a total of twenty-seven different items, making the total sum appropriated $78,978.19. The ordinance then continued: "From which deduct the following: Road and bridge tax, $1600; licenses of all kinds, $30,100; fines, fees, etc., $1200; weights and measures, $700; rents $700; two per cent insurance account, $1200; total $35,500; leaving the net amount to be raised by general taxation for corporate purposes, not including interest on the public debt, * * * $43,428.18." The argument was made, as here, that it could not be ascertained from the levy ordinance, owing to the $35,500 to be raised from other sources and therefore not included in the levy ordinance, in just what proportion the amount levied, namely, $43,428.18, was to be devoted to the various purposes specified in the appropriation ordinance. Holding the fact that the levy ordinance failed to contain a list itemizing the amount levied so as to show the amount levied for each purpose did not render the city tax illegal, where the ordinance set out in detail the items of the appropriation ordinance, thus making it a matter of mere mathematical computation to ascertain the amount levied for each purpose, this court said: "Although we consider it better practice to include an itemized list in the tax levy ordinance, stat-

ing the actual amount for each purpose for which the levy is made, as well as an itemized list of the appropriations, we do not consider that the absence of the former list will invalidate the ordinance here in question, as the amount levied for each purpose may be easily found by a simple mathematical computation. The amount of levy for a given purpose, say for the waterworks, will bear the same proportion to the amount appropriated for waterworks as the whole amount levied does to the whole amount appropriated, and the same would be true of every item on the list of appropriations."

In *People* v. *Otis,* 367 Ill. 136, we held that where a Cook county highway corporate levy follows the appropriation ordinance which complies in every respect with the applicable statute, showing the different items appropriated and the objects and purposes thereof, the fact that the total levy is determined by subtracting, from the entire amount appropriated, the appropriation shown available from other sources than the levy, does not cause the levy to be insufficiently itemized to comply with section 121 of the Revenue act.

In *Chicago, Peoria and St. Louis Railway Co.* v. *People, supra,* the deduction sustained was a grand total of revenue from sources other than the tax levy from the aggregate of appropriated items, thereby constituting a deduction of a lump sum consisting of the total of six items from a lump sum of twenty-seven items for which levies were made. The deduction sustained in the *Otis case, supra,* was an aggregate total of appropriations payable from sources other than the tax levy from the aggregate total appropriated in the levy ordinance. In the present case, each department was totaled and from such total a sum deducted for income from a single source other than the tax levy, namely, the available "income of the water department." There was thus a breaking down of the in-

come of the water department, an itemization and allocation of this source of income to the six departments. The itemization in the case at bar is considerably more detailed than those sustained in *People* v. *Otis, supra,* and in *Chicago, Peoria and St. Louis Railway Co.* v. *People, supra.* Itemization requirements must be accorded a practical and common sense construction. (*People* v. *Estate of Otis,* 376 Ill. 112.) Moreover, section 1 of article 8 of the Cities and Villages act does not prescribe itemization of revenues from sources other than taxes. Indeed, such revenues are not mentioned in the statute. Here, the levy ordinance contains a list of each department of the village, itemizing with a sufficient degree of particularity the various items and the amounts levied therefor, extending a credit in each of the six departments involved in defendant's objection for sums payable from the water department, so plainly and succinctly that by mere mathematical computation and a reasonable degree of care the taxpayer can, without resorting to extrinsic information, ascertain from the levy ordinance the specific amount levied for each item in each department. For example, the amount of levy for a given purpose in the General Administration Department, namely, "workmen's compensation and employer's liability insurance," will bear the same proportion to the amount appropriated for those purposes ($1500) as the whole amount levied, ($18,030) does to the whole amount appropriated ($24,030). The following simple formula is illustrative:

$$\frac{\$1500}{\$24,030} \times \$18,030 = \$1125.47.$$

Similarly, the amount of the appropriation payable from the income of the water department is easily determined:

$$\frac{\$1500}{\$24,030} \times \$6000 = \$374.53.$$

Like application of this formula to other items on the list of appropriations in the six departments will readily disclose the specific amount levied for each item.

*People* v. *Chicago, Burlington and Quincy Railroad Co.* 360 Ill. 433, does not aid the defendant for the reasons we held it not controlling in *People* v. *Otis, supra,* where we observed: "In that case, the appropriation and levy ordinances stated (1) no source from which the several items to which objections were filed could be paid other than from the tax levy and (2) the record disclosed, upon its face, an attempt to levy for admittedly illegal objects with a later ineffectual undertaking to cure the levy in that respect."

The objector insists, however, that the presence of illegal items will destroy the mathematical computation. In this, it is in error. Illegal items, if any, may be deleted without destroying the computation of legal items. Another simple computation will readily disclose the percentage of the rate which is illegal in such instances.

Complaint is also made that the levy for the village contains seventeen general headings whereas the appropriation ordinance contains twenty. It is true that three departments or functions captioned "Water Department," "Miscellaneous" and "Vehicle Tax Fund" are omitted in the levy ordinance for the adequate reason no current tax levy is required for the department and functions named. The appropriations therefor come from special funds, as stated in the appropriation ordinance. Section 2 of the levy ordinance, it follows, properly lists only seventeen of the twenty departments or functions set forth in the appropriation ordinance,—those for which the amounts appropriated are to be collected from the general tax levy.

Next, it is pointed out that $82,960 is leved for corporate purposes, but that section 3, which actually levies the tax, does not say which of the general headings are included in the amount specified. The departments and functions included are readily ascertainable by reference to the preceding portion of the ordinance setting forth *verbatim* the pertinent portions of the appropriation ordinance.

Defendant also directs attention to section 1 of the levy ordinance declaring that the total amount of appropriations "for all corporate purposes" and to be collected from the tax levy is $175,899, whereas the levy for general corporate purposes extended in section 3 is $82,960. The reason the total amount of appropriations stated in section 1 is $175,899 is apparent from section 3. The sum of $82,960 for general corporate purposes is the total of nine headings of both the appropriation and levy ordinances, the amount to be raised by general taxation. The remaining eight headings appear in section 3, as well as the sum for general corporate purposes, because they are to be raised by additional taxes at rates over and above the general corporate rate. $175,899 is thus the total of all the headings to be raised by taxation, general and special, and section 3 properly concludes: "Total amount levied.....$175,899."

Finally, defendant contends that a different mathematical computation is required to determine the proportion of the total appropriation for the several headings included in the amount levied by section 3 for corporate purposes. This is true, but it is to the advantage of the taxpayer, not to his detriment. By applying funds from the water department to the reduction of its taxes for general administration and other legitimate corporate purposes the taxpayer's burden is considerably lightened. Manifestly, defendant is not in a position to complain in this respect.

The judgment of the county court is reversed and the cause remanded, with directions to overrule the defendant's objections to the village taxes for the villages of Melrose Park and River Forest.

*Reversed and remanded, with directions.*