(No. 24037.—

THE PEOPLE *ex rel.* Joseph L. Gill, County Collector, Appellant, *vs.* MRS. A. PETERSON, Appellee.

*Opinion filed June 11, 1937—Rehearing denied October 7, 1937.*

THOMAS J. COURTNEY, State's Attorney, MARSHALL V. KEARNEY, WILLIAM T. CRILLY, MANUEL E. COWEN, JACOB SHAMBERG, RICHARD S. FOLSOM, FRANK S. RIGHEIMER, RALPH W. CONDEE, and ALBERT FINK, for appellant.

SCOTT, MACLEISH & FALK, ROBERT N. HOLT, WINSTON, STRAWN & SHAW, ADAMS, NELSON & WILLIAMSON, and RICHARD C. BECKETT, (HOMER H. COOPER, ROBERT S. CUSHMAN, LELAND K. NEEVES, and POMEROY SINNOCK, of counsel,) for appellee.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of the court:

The county collector has appealed from the judgment of the county court of Cook county, sustaining appellee's objection to the 1934 taxes of the board of education of the city of Chicago. This objection is, that the revenue of the board of education available for appropriation for the year 1934 was $47,924,000, which consisted of $43,000,000 to be derived from the 1934 tax levy, and $4,924,000 to be

derived from miscellaneous sources; that this total was reduced by a deficit of $1,213,087 alleged to exist at the first of the fiscal year 1934; that the deficit arose because tax warrants and interest thereon were appropriated for as general liabilities, instead of as a charge solely against the particular year's taxes in anticipation of the collection of which the various warrants were issued, and that if the warrants, etc., had been charged solely against the taxes against which they were drawn, there would have been no deficit. The objection states that the reduction in 1934 revenue by this non-existing deficit is "fraudulent and illegal," and the 1934 taxes levied for the purpose of meeting the alleged deficit are "fraudulent, excessive, illegal and void."

There is no proof of actual fraud in the record and the appellee limits our inquiry to the legality of the 1934 levy by stating: "The true gravamen of our objections is that the board illegally appropriated for tax warrants as though the same were general liabilities, and these illegal appropriations, through the medium of the deficit, produced 1934 taxes which are also illegal and void."

The appellee bases her objections on our holding in *Berman* v. *Board of Education,* 360 Ill. 535, and insists that since tax warrants are not general liabilities it is a perfectly logical, indeed necessary, conclusion, that any appropriation for such warrants as though the same were general liabilities is illegal and void. In the *Berman case* we held void a statute which authorized the board of education of the city of Chicago to issue bonds to pay 1928 and 1929 anticipation tax warrants. No such question was presented as is now before us. No mention was there made of any provision in the statute which requires an annual budget or an annual financial statement.

Appellant insists that anticipation warrants and interest thereon, as shown by the testimony, were always paid out of the particular taxes anticipated and that specific mandatory direction, under a penalty of a $10,000 fine, is made

in the act by which the board of education of the city of Chicago is required to set out in its budget and to appropriate for all outstanding anticipation warrants, interest accrued and to accrue, and all liabilities of whatever nature, whether presently due or due at a deferred date. Appellant also insists that these requirements cover a showing of the items of assets and the liabilities due from every fund in its control, but that such funds are educational purposes fund, building fund, free text-book fund, bond retirement and interest fund, etc., and that there has never been any requirement in the statute by which the school district's outstanding anticipation warrants and interest thereon were required to be set up in the budget as deductions to be made only from the taxes uncollected for the respective years, applicable to the particular warrants. A reference to the statute is all that is required to settle this whole matter and we need not set forth the long and involved tables of accounts and the appropriations or the liabilities in detail.

Section 135½ of "An act to establish a system of free schools," approved June 12, 1909, as amended, (Laws of 1933, p. 1003,) provides that the board of education shall, within the first quarter of each fiscal year, adopt a budget and shall pass a resolution to be termed the "annual school budget," in and by which the board shall appropriate such sums of money as may be required to defray all necessary expenses and liabilities of said board to be paid or incurred during such fiscal year. It is expressly provided that: "Such school budget shall set forth estimates by classes, of all current assets and liabilities of each fund of such board, as of the beginning of said fiscal year, and the amounts of such assets available for appropriation in such year, either for expenditures or charges to be made or incurred during such year or for liabilities unpaid at the beginning thereof. Estimates of taxes to be received from the levies of prior years shall be net, after deducting amounts estimated to be sufficient to cover the loss and cost of col-

lecting such taxes and also deferred collections thereof and abatements in the amount of such taxes extended or to be extended upon the collector's books."

It should be observed that the method of determining the net taxes uncollected for a given year is definitely fixed. Since no deduction is authorized for anticipation warrants, no such deduction can be made in arriving at the net value of such taxes. The act continues: "Estimates of the liabilities of the respective funds shall include ($a$) all final judgments, including accrued interest thereon, entered against such board of education and unpaid at the beginning of such fiscal year, ($b$) the principal of all anticipation tax warrants and all temporary loans and all accrued interest thereon unpaid at the beginning of such fiscal year, and ($c$) any amount for which such board is required to reimburse the working cash fund from the educational purposes fund pursuant to the provisions of section 134½ of this act." The board is then required to set forth detailed estimates of all taxes and other current revenues to be derived from sources other than taxes, during the fiscal year, such as State contributions, rents, fees, etc. The section requires that estimates shall be segregated and classified as to funds, to the end that no expenditure shall be authorized or made for any purpose in excess of the money lawfully available therefor. Provision is made that: "Such annual school budget shall specify ($a$) the several organization units, purposes, and objects for which appropriations are made, ($b$) the amount appropriated for each organization unit, purpose or object, and ($c$) the fund from or to which each amount appropriated is to be paid or charged, and shall include appropriations for ($a$) all current expenditures or charges to be made or incurred during such fiscal year, including interest to accrue on anticipation tax warrants and temporary loans; ($b$) all final judgments, including accrued interest thereon, entered against such board of education and unpaid at the beginning of such fiscal year;

(c) any amount for which said board is required to reimburse the working cash fund from the educational purposes fund pursuant to the provisions of section 134½ of this act; (d) all other liabilities including the principal of all anticipation tax warrants and all temporary loans and all accrued interest thereon, incurred during prior years and unpaid at the beginning of such fiscal year; and (e) an amount or amounts estimated to be sufficient to cover the loss and cost of collecting taxes levied for such fiscal year and also deferred collections thereof and abatements in the amounts of such taxes as extended upon the collector's books."

The board of education of the city of Chicago followed the express provisions of the statute. It set up the anticipation tax warrants, interest accrued, loans to the educational purposes fund from the working cash fund, etc., as liabilities, and appropriated for these, and for interest estimated to accrue during the fiscal year on outstanding anticipation tax warrants. There is no evidence tending to show that any payment will be made with money from a fund not chargeable with such payment. There is evidence that, in the past, anticipation tax warrants were paid only from receipts of taxes anticipated by the warrants and interest in question, excepting only when the proceeds of the bonds involved in the *Berman case* were so used.

It was the duty of the objector to show that the board failed to comply with the requirements of the statute and in what particulars. The record shows the board followed the statute and the objections should have been overruled.

The judgment of the county court of Cook county is, therefore, reversed and the cause is remanded to that court, with directions to overrule appellee's objections.

*Reversed and remanded, with directions.*