(No. 24167.

THE PEOPLE *ex rel.* Joseph L. Gill, County Collector, Appellee, *vs.* EARL K. SCHIEK, Appellant.

*Opinion filed February 16, 1938—Rehearing denied April 6, 1938.*

FARTHING, C. J., and ORR, J., dissenting.

ROBERT N. HOLT, SCOTT, MACLEISH & FALK, ADAMS, NELSON & WILLIAMSON, BARR, BARR & CORCORAN, and ADELBERT BROWN, (LELAND K. NEEVES, ROBERT S. CUSHMAN, and POMEROY SINNOCK, of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, and BARNET HODES, Corporation Counsel, (MARSHALL V. KEARNEY, MANUEL E. COWEN, WILLIAM T. CRILLY, JOSEPH F. GROSSMAN, OTHO S. FASIG, and NORMAN N. EIGER, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant objected to the 1934 taxes levied against his property by the city of Chicago. On hearing, the county court of Cook county overruled his objections and entered judgment.

The facts are as follows: The city council of the city of Chicago on March 14, 1934, adopted its annual appropriation ordinance for the fiscal year. That ordinance contained the estimate of current assets and liabilities, as required by the statute, as of January 1, 1934, showing a deficit of $1,188,401.70. It also, as required by statute, contained an estimate of corporate revenues to be received from sources other than taxes. These were estimated to be $16,560,000. Revenues to be received from taxes were estimated at $31,925,386.22. Among the items appropriated for was "interest on city of Chicago general corporate purposes tax warrants issued against tax levies of 1934 and prior years $1,300,000." On April 2, 1934, the city council adopted its tax levy ordinance for that year for various enumerated purposes in the sum of $31,925,386.22. The tax levy ordinance does not recite that a levy was made for that item.

Appellant contends, first, that the appropriation for interest on tax warrants is not valid because not properly itemized. The appropriation for interest on tax anticipation warrants was for but one object and purpose,—i. e., the payment of interest to accrue during the fiscal year on tax anticipation warrants issued against the tax levies of 1934 and prior years. What that interest is for each year is a matter of computation from the tax warrant record. In this respect it is not unlike an appropriation for judgments against the city. This court has held in a number of cases that a single appropriation for a general purpose is sufficient to include every expenditure required for that purpose, though there may be many items. (*People* v. *Eastern Illinois & Missouri Railroad Co.* 335 Ill. 245;

*People* v. *Chicago, Burlington & Quincy Railroad Co.* 306 id. 529; *People* v. *Clark,* 296 id. 46; *People* v. *Chicago and Alton Railroad Co.* 273 id. 452; *People* v. *Illinois Central Railroad Co.* 271 id. 236.) This objection is not sound.

Appellant also objects on the ground that the total of the 1934 tax levy was produced, in part, by including as a liability of the city the appropriation of $1,300,000 for interest on tax warrants issued against tax levies of 1934 and prior years, and he says that the tax, to that extent, is void as excessive taxation. He also contends that the city illegally appropriated for interest on its 1934 tax warrants out of resources other than the 1934 tax levy.

Both parties to this lawsuit concede that interest and principal of tax anticipation warrants can be paid only out of taxes in anticipation of the collection of which the warrants are issued. Appellant argues that since this is true, appellee has no authority to consider the amount of interest on tax warrants accrued or estimated to accrue during the current year in determining the amount of tax levy necessary to be made.

The process of taxation by cities of the character of Chicago may be said to consist of three steps, two of which precede the actual levy ordinance. One is the estimate of resources and liabilities, another is the appropriations made, and the third is the levy ordinance. The estimates and appropriations are included in the appropriation ordinance. It is the purpose of the statute that, in general, no moneys shall be paid out by a city, regardless of the source of such funds, without such expenditure being first appropriated for. It is, likewise, a clear purpose of the statute, as shown by the applicable sections of the City and Villages act hereinafter referred to, that the estimates and appropriations to be set out in the appropriation ordinance shall determine the amount necessary to be levied as taxes. Neither such estimates nor the appropriation ordinance are

tax levying proceedings in any further sense. The taxes are levied by the tax levy ordinance. The city council is required to ascertain the amount of the appropriation for corporate purposes legally made which must be raised by the levy of a tax. In ascertaining this amount there is to be taken into consideration the amount of miscellaneous receipts, which, judging from past experience, will probably be received. The city council is then authorized to levy a tax for the amount necessary to pay corporate expenses, as appropriated for, above the amount received from such miscellaneous sources. This is the extent of the city council's power to tax. *People* v. *Sergel,* 269 Ill. 619.

Provisions governing the estimates, appropriations and tax levy are to be found in section 2a of article 7 of the Cities and Villages act, as then in effect, and section 1 of article 8 of that act, as then in force. (Cahill's Stat. 1933, pp. 332, 337.) Section 2a of article 7, in so far as applicable here, then required that the annual appropriation ordinance "set forth estimates, by classes, of all current assets and liabilities of each fund of such city or village, as of the beginning of said fiscal year, and the amounts of such assets available for appropriation in such year, either for expenditures or charges to be made or incurred during such year or for liabilities unpaid at the beginning thereof. Estimates of taxes to be received from the levies of prior years shall be net, after deducting amounts estimated to be sufficient to cover the loss and cost of collecting such taxes and also the amounts of such taxes for the non-payment of which real estate has been or shall be forfeited to the State and abatements in the amount of such taxes extended or to be extended upon the collector's books. Estimates of the liabilities to the respective funds shall include (a) [final judgments and interest thereon.] (b) the principal of all anticipation tax warrants and all temporary loans and all accrued interest thereon unpaid at the beginning of such fiscal year, and (c) [reimbursement

of working cash fund.] * * *. Such ordinance shall also set forth detailed estimates of all taxes to be levied for such year and of all other current revenues to be derived from sources other than such taxes, which will be applicable to expenditures or charges to be made or incurred during such year. No estimate of taxes to be levied for general corporate purposes, or for any other purpose, [with exceptions not material here,] shall exceed a sum equivalent to the product of the value of the taxable property in such city or village, as ascertained by the last assessment for State and county taxes previous to the passage of such ordinance, multiplied by the maximum per cent or rate of tax which such city or village is authorized by law to levy for said current fiscal year for any such purpose or purposes with reference to which such estimate is made. All such estimates shall be so segregated and classified as to funds and in such other manner as to give effect to the requirements of law relating to the respective purposes to which said assets and taxes and other current revenues are applicable, to the end that no expenditure shall be authorized or made for any purpose in excess of funds lawfully available therefor." This section requires that appropriations shall include "appropriations for (a) all current expenditures or charges to be made or incurred during such fiscal year, including interest to accrue on anticipation tax warrants and temporary loans; (b) [judgments and interest thereon against the city or village;] (c) [reimbursement of the working cash fund;] (d) all other liabilities, including the principal of all anticipation tax warrants and all temporary loans and all accrued interest thereon, incurred during prior years and unpaid at the beginning of such fiscal year; and (e) [an amount for loss and cost of collection.]" This section also provides for public inspection of the appropriation ordinance and its amendments as in the act specified and requires that the aggregate amount finally appropriated "shall not exceed the ag-

gregate amount available in such fund or for such purpose, as shown by the estimates of the available assets thereof at the beginning of such fiscal year and of taxes and other current revenues set forth in said ordinance."

Section 1 of article 8 of the Cities and Villages act then in force, (Cahill's Stat. 1933, p. 337,) prescribes the methods and limitations of levying taxes by a tax levying ordinance. After setting forth the method of and limitations on said tax levy, that section provides: "The aggregate amount of taxes so levied for any one year for general corporate purposes or any other purpose or purposes, except [for payment of bonded indebtedness, judgments, pensions and reimbursements of working cash fund] shall be subject to the further limitation that it shall not exceed the estimated amount of taxes to be levied for such year for such purpose or purposes as determined in accordance with the provisions of section 2a of article 7 of this act and set forth in the annual appropriation bill of such city or village," etc. This section also contains the further limitations as to rate.

The statute relating to the issuance of tax anticipation warrants, by section 3 thereof, (Cahill's Stat. 1933, chap. 146a, p. 2740,) provides: "Warrants may be issued under this act payable at the time fixed therein, and every warrant issued under this act shall bear interest, payable only out of the taxes against which it shall be drawn, at the rate of six per centum per annum from the date of its issuance until paid, or until notice shall be given, by publication in a newspaper or otherwise, that the money for its payment is available," etc.

It will be seen from these sections, as cited or quoted, that while tax anticipation warrants and interest thereon are payable only out of the taxes against which the warrants are drawn, the statute requires that the appropriation ordinance show an appropriation for such interest and warrants. They are not, however, to be paid out of corporate

purposes funds but only out of the taxes for the year against which the warrants are issued. They are, therefore, not a general liability against the city but are to be paid only when taxes for the year in which the warrants are drawn shall be collected. (*People* v. *Peterson,* 366 Ill. 613; *Berman* v. *Board of Education,* 360 id. 535.) It follows, therefore, that the item of $1,300,000 for interest, though required by the statute to be appropriated, is not to enter into the computation of the amount of tax levy to be made. Section 2 of the Warrants act provides that in cities which shall have created a working cash fund, as is true in the case of the city of Chicago, the warrants "shall at no time be drawn against any such taxes levied for general corporate purposes for such an amount that the aggregate of (a) the amount of such warrants, and the interest to accrue thereon, (b) the aggregate amount of warrants theretofore drawn against such taxes and the interest accrued and to accrue thereon, * * * (d) the aggregate amount of money theretofore transferred from the working cash fund to the general fund of such county or city, shall exceed ninety percentum of the actual or estimated amount of such taxes extended or to be extended by the county clerk upon the books of the collector or collectors. * * * *Provided, also,* that warrants drawn and issued under the provisions of this section shall show upon their face that they are payable solely from said taxes when collected and not otherwise," etc. It clearly appears, therefore, from the language of the act, that in making up the tax levy ordinance the city council is not authorized to levy taxes to pay either the warrants or interest thereon for the current year or that which has accrued. It is the purpose of the act that both the warrants and the interest shall be paid out of the taxes against which the warrants are issued. Therefore, the 1934 levy could not legally include a levy for payment of such interest, as it is to be paid from the ninety per cent, or less, of the taxes against which the warrants

were issued. Appellant's contention that additional taxes should be levied to meet the interest to accrue on current anticipation warrants is not sound.

Appellant's main contention, however, is that the sum of $1,300,000 more than needed was in fact levied and sustained by the county court. As we have seen, the levy ordinance is to meet the corporate expenses for the year, and that no more than an amount sufficient to meet such expenses, as shown by the appropriation ordinance, may be levied. The appropriation ordinance shows that there was appropriated for the corporate purpose fund for the year 1934, the following:

| | |
|---|---:|
| Mayor's Office . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | 37,690.31 |
| For enumerated committees . . . . . . . . . . . . . . . . . . . . . . | 407,342.10 |
| City Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 131,088.14 |
| Board of Election Commissioners. . . . . . . . . . . . . . . . . . | 792,343.68 |
| Municipal Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2,131,069.33 |
| Law Department and Comptroller's Office. . . . . . . . . . . | 1,008,753.26 |
| Miscellaneous General Government. . . . . . . . . . . . . . . . | 912,585.00 |
| City Treasurer and City Collector. . . . . . . . . . . . . . . . . | 299,589.35 |
| Civil Service Commission and Municipal Reference Library . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 111,875.29 |
| Department of Police . . . . . . . . . . . . . . . . . . . . . . . . . . . | 14,472,154.82 |
| Fire Department . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 6,316,730.64 |
| Department of Public Service and Buildings, Inspection Steam Boilers and Weights and Measures. . . | 626,654.49 |
| Board of Appeals, Examiners, Department Smoke Inspection and Abatement . . . . . . . . . . . . . . . . . . . . . | 92,631.67 |
| Board of Health and Department Medical Examination and Emergency Treatment. . . . . . . . . . . . . . . . | 1,964,412.00 |
| Department of Streets and Electricity; Bureau of Streets and Electricity . . . . . . . . . . . . . . . . . . . . . . . | 8,373,941.05 |
| Department of Public Welfare and House of Correction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 686,479.31 |
| Board of Local Improvements and Public Benefits. . . | 590,292.91 |
| Department Public Works, Commissioner's Office; Bureau of Maps and Plats; Central Purchasing; Compensation; Buildings, Maintenance and Repairs, Engineering; Rivers and Harbors, Sewers and Park Recreation and Aviation. . . . . . . . . . . . . | 3,687,327.95 |
| Debt Service, Interest on Judgments subsequent to January 1, 1930 . . . . . . . . . . . . . . . . . . . . . . . . . . . | 50,000.00 |

Interest on anticipation tax warrants..............$ 1,300,000.00
Loss and Cost . . . ...............................  3,192,538.62
Deficit of Assets over Liabilities...................  1,188,401.70
Total Appropriations in the Corporate Purpose Fund.$48,373,901.62

While the item of $1,300,000, interest on tax anticipation warrants, was marked as not levied for, the statement of resources from which to meet the corporate expenses for the year 1934 shows estimated income, which was more than realized, from sources other than taxation, $16,560,000 and a tax levy of $31,925,386.22, or total resources of $48,485,386.22. This shows an excess of total resources over amount appropriated, including the appropriation for interest on tax anticipation warrants, of $111,484.60 or $1,411,484.60 if the item of $1,300,000 was illegally levied. The county court, after overruling appellant's objections to the item of $1,300,000, found the excess of resources over amount appropriated to be $117,312.18. This was evidently a miscalculation of the figures since they, as above set out, show that, not considering the interest item of $1,300,000, the excess of levy was $5827.58 less than that found by the county court. The city has not appealed from the order of the county court so reducing the levy. It is clear, from the above figures, however, that in considering the amount necessary to be levied to meet the total appropriations for expenses to be paid out of the corporate purpose fund, the city council included in such necessary amount the $1,300,000 interest on tax anticipation warrants. The actual total excess of the levy over the amount needed is the item of $1,300,000 plus $111,484.60, or $1,411,484.60. After deducting the sum stricken from the levy by the county court, there remains an actual excess in the levy, as approved by the court, of $1,294,172.52. In other words, the county court, instead of reducing the levy by $117,312.18 should have reduced it by $1,411,484.60. This amount was in excess of the amount needed to meet corporate expenses for the year, other than those arising

on tax anticipation warrants, which, as we have seen, can be paid only out of the taxes in anticipation of the collection of which the warrants are issued, and it was error to overrule appellant's objection.

Counsel for appellee say that it was necessary to make the levy in the manner in which it was made in order to obtain a balanced budget, but this does not necessarily follow, since the budget may be so made up as to show the facts concerning the liabilities against the corporate fund and, as a net result, the actual amount necessary to be raised by tax levy. No greater tax than the actual need may be legally levied.

Other contentions are raised by appellant but as this issue is determinative of the cause it is unnecessary to consider such further objections.

The judgment of the county court is reversed and the cause is remanded, with directions to sustain appellant's objection in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*

FARTHING, C. J., and ORR, J., dissenting.