(Nos. 25426, 25432, 25435.—

THE PEOPLE *ex rel.* John L. Toman, County Collector, Appellee, *vs.* M. BORN & COMPANY, Appellant.—THE PEOPLE *ex rel.* John L. Toman, County Collector, Appellee, *vs.* THE CHICAGO UNION STATION COMPANY, Appellant.—THE PEOPLE *ex rel.* John L. Toman, County Collector, Appellee, *vs.* THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Appellant.

*Opinion filed April 17, 1940.*

ADELBERT BROWN, for appellant M. Born & Company; ROBERT N. HOLT, for appellant The Chicago Union Station Company; RICHARD C. BECKETT, BARR, BARR & CORCORAN, ADAMS, NELSON & WILLIAMSON, GEORGE P. FOSTER, and A. J. HENNINGS, (ROBERT E. CORCORAN, ROBERT McCORMICK ADAMS, ROY R. BARR, and RUSSELL J. TURNEY, of counsel,) for appellant The Guardian Life Insurance Company of America.

THOMAS J. COURTNEY, State's Attorney, RICHARD S. FOLSOM, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, (MARSHALL V. KEARNEY, JOSEPH B. FLEMING, and THOMAS M. THOMAS, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

The county court of Cook county overruled objections of M. Born & Company, appellant, in cause No. 25426, the Chicago Union Station Company, appellant, in cause No. 25432, and the Guardian Life Insurance Company of America, appellant, in cause No. 25435, to the 1935 taxes of the board of education of the city of Chicago. Separate appeals were prosecuted to this court. The contention of the objectors in each case is that the levy included taxes for interest on tax anticipation warrants for the year 1935 and prior years and, to that extent, is invalid. The issue being the same in each case, the causes have been consolidated for consideration.

Judgment overruling the objections made by the several appellants was entered on January 14, 1938. The judgment recites that the collector and the objectors jointly moved to vacate the judgment, and, by agreement, the motion was continued generally "until the final determination of test cases involving 1935 tax rates have been determined by the Supreme Court of Illinois." After the test cases pending in this court were decided, the judgment was vacated on May 9, 1939, the causes were heard on the merits, and judgment overruling the objections was entered. Appellee contends that the written objections in cause No. 25426 were not sufficient to include the grounds of objection now urged by the appellant in that case; that in cause No. 25432 appellant is bound by a stipulation recited in an order of May 2, 1938, that the orders entered are to be finally governed and controlled by the judgments of this court "upon appeals to be taken either by the attorneys for the objectors herein or by attorneys representing similar objections, or by the relator," and is thereby foreclosed from raising the objection now urged, and that in cause No. 25435 the objection argued here was not raised in apt time. The record shows a custom of the county court to hear all objections

of the same class together. At one stage of the proceedings the court announced that if anything was omitted it would allow it to be inserted, in order to get a complete record. We think it is clear from the record that the trial court considered the objections now urged. None of the appeals mentioned in the stipulation in cause No. 25432, except those now at bar, involved the issue here. Appellee's contentions in these respects are untenable. We therefore consider the causes on the merits.

The settled law in this State is that tax anticipation warrants may be issued only against taxes already levied, and the statute in mandatory terms requires that they shall show upon their face that they are payable solely from such taxes when collected and not otherwise. Such warrants do not constitute an obligation of the taxing body issuing them, but the holders must look solely to the specific levy against which they are issued. When the warrants are sold or accepted, they become a lien upon the taxes to be collected from such levies to the extent necessary for their payment, and the transaction is closed on the part of the taxing body, leaving no future obligation on it, either absolute or contingent. It follows, that if the interest on warrants issued in prior years is included in the 1935 levy, it results in void double taxation, because such interest has already been provided for in the levies made for the respective years in which the warrants were issued. *People* v. *Wabash Railway Co.* 368 Ill. 497.

The determination of the issue depends upon the construction and effect to be given the several tables and computations in the annual budget of the board of education for the year 1935, together with the subsequent levy ordinance made by the city council of the city of Chicago pursuant to the requirements of the statute. It was stipulated that the items set out in the budget for interest on temporary loans: Educational fund, $3,750,000, building fund, $800,000, playground fund, $35,000, were, in fact, appro-

priations for interest on warrants issued in anticipation of the collection of taxes for such funds in 1934 and prior years, and for interest on warrants to be issued in anticipation of the collection of the 1935 taxes. The question is whether these amounts were carried into and became a part of the 1935 levy of $43,000,000 for the educational fund, $4,000,000 for the building fund, and $594,091 for the playground fund.

Section 135½ of the general School law, (Ill. Rev. Stat. 1939, chap. 122, par. 158a,) as then in force, so far as material here, provides that the board of education shall, within the first quarter of the fiscal year, adopt a budget and shall pass a resolution to be termed the "annual school budget" in and by which the board shall appropriate such sums of money as may be required to defray all necessary expenses and liabilities of the board to be paid or incurred during such fiscal year. Such school budget shall set forth estimates, by classes, of all current assets and liabilities of each fund as of the beginning of the fiscal year, and the amounts of such assets available for appropriation in such year, either for expenditures or charges to be made or incurred during such year or for liabilities unpaid at the beginning thereof. Estimates of taxes to be received from levies of prior years shall be net, after deducting amounts estimated to be sufficient to cover the loss and cost of collecting such taxes and also deferred collections thereof and abatements in the amount of such taxes extended or to be extended upon the collector's books. This requirement does not permit any deduction for anticipation warrants in arriving at the net value of such taxes. (*People* v. *Peterson,* 366 Ill. 613.) Estimates of the liabilities of the respective funds shall include (a) all final judgments, including accrued interest thereon, unpaid at the beginning of such fiscal year, (b) the principal of all tax anticipation warrants and all temporary loans and all interest thereon unpaid at the beginning of such fiscal year, and (c) any

amount for which such board is required to reimburse the working cash fund from the educational purposes fund pursuant to the provisions of section 134½ of the act. The section requires the board to set forth detailed estimates of all taxes and other current revenues to be derived from sources other than taxes, during the fiscal year, and that estimates shall be segregated and classified as to funds, to the end that no expenditure shall be authorized or made for any purpose in excess of the money lawfully available therefor. It further requires that the budget shall specify (a) the several organization units, purposes, and objects for which appropriations are made, (b) the amount appropriated for each organization unit, purpose or object, and (c) the fund from or to which each appropriation is to be paid or charged, and shall include appropriations for the liabilities above mentioned, including interest to accrue on tax anticipation warrants and temporary loans, and the other liabilities and losses in collection not material here.

These provisions were complied with in the 1935 budget of the board of education. The "Statement of estimate of current assets and liabilities as of January 1, 1935, showing the amounts of such assets available for appropriation in 1935" includes, among other items, as assets for appropriation to the three particular funds in controversy, the net uncollected taxes of previous years itemized as to each year and fund from 1928 to 1934, both inclusive. This statement discloses that of these uncollected taxes the totals of each fund for the period, and the respective amounts accrued on tax anticipation warrants in each of the funds for the same time are as follows:

| Fund | Uncollected taxes | Amount accrued on warrants |
|---|---|---|
| Educational | $125,119,429.16 | $ 89,202,754.22 |
| Building | 18,570,948.11 | 11,657,365.17 |
| Playground | 1,579,532.99 | 531,001.18 |
| | $145,269,910.26 | $101,391,120.57 |

This "statement" also shows available assets for appropriation in the educational fund of $137,762,756.45, of which $125,119,429.16 is from unpaid taxes of prior years.

These items are not taken into the computation of any of the appellants in arriving at their conclusion. They use the "Summary statement of resources and appropriations for the year 1935 exclusive of resources and appropriations for prior years." The table they use shows:

| Fund | Surplus | Miscellaneous Revenue | 1935 Tax Levies | Resources Available for Appropriation |
|------|---------|----------------------|-----------------|----------------------------------------|
| Educational | $ 746,834.52* | $6,508,200 | $43,000,000 | $48,761,365.48 |
| Building | $5,579,453.97 | 6,000 | 4,000,000 | 9,585,453.97 |
| Playground | 139,368.00 | 400 | 594,091 | 733,859.00 |

* Indicates deficit.

The method employed by appellants does not reflect all the assets available for appropriation because it excludes those of prior years. The statute expressly requires the inclusion of estimates of the net taxes to be received from levies of prior years as assets. The fact that the actual receipts of the "miscellaneous revenue" fund were in excess of the estimate of $6,508,200 is of no consequence. Estimates must be calculated as of the time the budget is made. The "Summary statement of resources and appropriations by funds for the fiscal year of 1935" shows, as to the educational fund: "Estimated current assets available for appropriation," $137,762,756.45. Estimated current revenue, $49,508,200. Total estimated resources, $187,270,956.45. The $49,508,200 item of estimated current revenue is composed of the $43,000,000 tax levy and the $6,508,200 miscellaneous revenue mentioned above. The same table shows the total appropriations are unpaid liabilities of prior years amounting to $138,509,590.97, and for all other expenditures and charges $48,761,300, leaving a balance of $65.48 assets over appropriations. Of these unpaid liabilities of prior years only $101,391,120.57 is attributable to tax an-

ticipation warrants, which are payable only out of the $125,-119,429.16 which composes a part of the $137,762,756.45. Correctly tabulated, the summary would show:

| Current Assets Available for Appropriation | Miscellaneous Revenue | Tax Levy | Total Available Assets |
|---|---|---|---|
| $137,762,756.45 | $6,508,200 | $43,000,000 | $187,270,956.45 |

| Total Amount Appropriated | Surplus |
|---|---|
| $187,270,890.97 | $65.48 |

Similar calculations for the building fund and playground fund produce the same result except as to amounts. The record shows that of the $3,750,000 appropriated for interest on warrants in the educational fund, $700,000 is on account of interest to accrue in 1935. This leaves a balance of $3,050,000 for interest on warrants of prior years. Deducting this latter sum from the $137,762,756.45 of assets leaves $134,712,756.45, which sum, balanced against the above mentioned total appropriations of $138,509,590.97 total liabilities of the fund, leaves a deficit of $3,796,834.52. Deducting from this the $3,050,000 leaves the deficit of $746,834.52 in the table employed by appellants. This conclusively demonstrates that the budget places the respective appropriations for interest on tax anticipation warrants of previous years in the respective assets from the uncollected taxes for those years, and not in the levy. To include them in the levy would throw the budget out of balance by that amount.

The record shows that the $3,750,000 appropriation for interest on tax anticipation warrants of the educational fund is spread as follows: In 1929, $450,000; 1930, $50,000; 1931, $500,000; 1932, $150,000; 1933, $650,000; 1934, $1,250,000; 1935, $700,000. The fact that on January 1, 1935, the accrued principal and interest on warrants issued in 1929 out of the educational fund amounts to $10,955,210,

while the uncollected taxes for 1929 are only $6,528,378.70, does not allocate the appropriation for interest on such warrants to the levy. The interest then due on the 1929 warrants is $2,718,210, and the appropriation for interest of that year is conceded to be but $450,000, which is but a small part of the available uncollected taxes. The same situation obtains, except as to amounts, as to the years 1928 and 1929 in the building fund, and the year 1929 in the playground fund.

The claim that the 1935 levy unlawfully included interest on tax anticipation warrants of that year is decided adversely to appellant's contention in *People* v. *Axelrod, ante,* p. 446.

Over objection the auditor of the board of education for the past twenty-four years was permitted to testify that during that time all appropriations for tax anticipation warrants and interest have been paid solely from taxes in anticipation of which the warrants were issued, and it was intended that the appropriations for interest which would accrue in 1935 would be paid solely from the taxes collected for the years in anticipation of which such warrants were issued. It is claimed this testimony should have been excluded on the theory that the budget shows the revenues expected to be derived from further tax collections for prior years were clearly "earmarked" for other purposes more than sufficient to absorb such collections, and that there is nothing in the record to show the purpose for which the $3,750,065.48 was to be used. The budget demonstrates the contrary. The testimony did not tend to contradict or add to the showings in the budget, and was properly admitted.

Appellants have failed to show the appropriations for interest on tax anticipation warrants are included in the levy. The record shows the board of education followed the statute and the law presumes that the taxing authorities discharged their duties in accordance with the law. (*People* v. *Otis,* 367 Ill. 136; *People* v. *White,* id. 415.) In other

words, the presumption is that the appropriations in controversy are to be paid only from the funds available for that purpose under the law. The facts accord with the presumption.

In *People* v. *Schiek,* 368 Ill. 353, relied upon by appellants, the city of Chicago passed an annual appropriation ordinance for the year 1934, including therein an appropriation of $1,300,000 for interest on tax anticipation warrants, marked as not levied for, and that item did not appear in the subsequent levy ordinance. Section 2a of article 7 of the Cities and Villages act, (Ill. Rev. Stat. 1939, chap. 24, par. 102,) requires the annual appropriation ordinance to be prepared in the same manner as the annual budget of the board of education. In the *Schiek case, supra,* the appropriation ordinance showed estimated income from sources other than taxation, $16,560,000 and a tax levy of $31,925,386.22, or total resources of $48,485,386.22. This was $1,411,484.60 in excess of the amount needed to meet corporate expenses for the year, other than those arising on anticipation tax warrants. We held it was clear that in considering the amount necessary to be levied to meet the total appropriations for expenses to be paid out of the corporate purpose fund, the city council included in such amount the $1,300,000 interest on tax anticipation warrants, and the levy was excessive to the extent of $1,411,484.60. That case is not controlling here, as the appropriation for interest is not payable from the corporate purpose fund.

*People* v. *White, supra,* and *People* v. *Peterson, supra,* involve 1934 appropriations of the board of education of the city of Chicago similar to those in this case. The facts are analagous and we there held the appropriations were not payable with money from a fund not chargeable with such payment. Those cases are controlling.

The judgment of the county court of Cook county in each cause is affirmed.

*Judgment affirmed.*