*In re* Application of the County Collector of Cook County—(The People *ex rel.* Korzen, County Treasurer and *ex officio* County Collector, Relator-Appellee, *v.* Edward M. Franklin, Objector-Appellant.)

(No. 57855;

First District (5th Division)—November 9, 1973.

Price, Cushman, Keck & Mahin and Holt & Kearney, both of Chicago (Robert S. Cushman and John M. Betts, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney, Robert Sarnoff, John T. Mehigan and Kirkland & Ellis, all of Chicago (Thomas M. Thomas and Thomas F. Scully, of counsel), for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Objections were filed in the trial court to the application of relator for judgment and order of sale again real estate for nonpayment of 1969 taxes. This appeal is from the judgment overruling one of those objections which objection, as amended, reads as follows:

### "OBJECTION TO EDUCATIONAL FUND TAXES PRODUCED BY APPROPRIATION FOR INTEREST ON 1968 TAX ANTICIPATION WARRANTS

The Board of Education appropriated $3,447,296 in 1968 from the educational fund for interest on tax anticipation warrants to be issued in 1968. (Annual Budget, 1968, page 1184; Supplemental Budget, Budget Index 1—630—92). This appropriation entered into the 1968 tax levy and produced 1968 educational fund taxes in an equivalent amount. Since the 1968 tax anticipa-

tion warrants did not become due and payable until 1969, no amount was spent for interest on these warrants during 1968.

The board set up the unpaid interest on the 1968 tax anticipation warrants as a liability existing at the beginning of 1969 and appropriated $3,300,000 in 1969 to pay this liability. (See 1969 Annual Budget, pages 1073 and 1094). This appropriation entered into the 1969 levy and produced 1969 educational fund taxes in an equivalent amount which are illegal and void and are hereby objected to as being contrary to the applicable statutes, decisions of the Illinois Supreme Court, and Section 9 of Article IX of the 1870 Illinois constitution because the Board of Education has caused to be levied twice—in 1968 and 1969—the amount necessary to pay the interest on the 1968 tax anticipation warrants."

In overruling this objection, the trial court held that the appropriation for interest on 1968 educational fund tax anticipation warrants was properly set forth as a 1969 appropriation, but was not included, or reflected, in the 1969 levy for educational purposes of the Board of Education (Board).

OPINION

The sole question presented on appeal concerns whether the 1968 tax warrant interest included in the 1968 levy also entered into the 1969 levy and was therefore an improper duplicate levy.

In order to finance budgeted appropriations for 1968, the Board sold $75,000,000 of warrants in anticipation of the collection of its 1968 educational fund levy. The Board's annual and supplemental budgets for 1968 included appropriations totalling $3,447,296 for interest that it estimated would accrue on the 1968 tax anticipation warrants, which were payable, as to principal and interest, solely from the proceeds of the 1968 educational levy. The 1968 warrants were unpaid as of January 1, 1969, and on that date the educational fund balance sheet showed an estimated current liability of $3,300,000 for interest accrued and to accrue on the 1968 warrants. The 1968 levy went into collection of June 1, 1969, and by June 25, 1969, $78,704,258.51 of the 1968 educational fund taxes had been collected and distributed to the Board of Education. Of that amount, $75,000,000 was used to pay the principal of the 1968 warrants and $3,704,258.51 was used to pay the interest thereon.

Objector alleges that the 1969 appropriation for 1968 tax warrant interest (already included in the 1968 levy) entered into the 1969 levy which resulted in double taxation. Initially, in support of this contention, objector set forth a condensed version of the Board's January 1, 1969 balance sheet showing estimated assets, liabilities and surplus of the educational fund, as follows:

" "A"

*Current Assets*

| | |
|---|---:|
| Cash | $ 1,526,471 |
| Taxes Receivable [principally 1968 tax levy] | 209,985,703 |
| Other Assets | 32,514,533 |
| | $244,026,707 |

*Current Liabilities and Accounts Payable*

| | |
|---|---:|
| Tax Anticipation Warrants Outstanding | $ 75,000,000 |
| Interest Accrued and to Accrue on Tax Anticipation Warrants Outstanding | 3,300,000 |
| Other Liabilities and Accounts Payable | 165,639,706 |
| Surplus | 87,001 |
| | $244,026,707" |

The warrants and interest accrued and to accrue, referred to in the balance sheet, were included in the 1968 levy and the taxes receivable are those to be collected in 1969 from the 1968 levy. (Subsequently collected, distributed to the Board and paid out in June, 1969.)

Objector also reproduced a summary statement of resources, liabilities, expenditures, and charges in the Board's 1969 budget, as follows:

" "B"

ESTIMATED RESOURCES:

| | |
|---|---:|
| Estimated Current Assets Available for Appropriation | $244,026,707 |
| Estimated Current Revenue [Includes both non-tax revenue and 1969 tax levy] | 355,893,911 |
| | $599,920,618 |

LIABILITIES, EXPENDITURES AND CHARGES:

| | |
|---|---:|
| For unpaid Liabilities of Prior Years | $243,939,706 |
| For all other Expenditures and Charges to be made or incurred during 1969 | 355,980,912 |
| | $599,920,618" |

Included in the $244,026,707 (estimated current assets available for appropriation) is the $78,300,000 appropriation for the principal and the estimated interest on the 1968 tax warrants of which $3,300,000 was for interest.

Objector points out that the 1969 educational fund levy was computed by subtracting current assets and nontax revenues from the total amount appropriated, as follows:

" "C"

| | | |
|---|---|---|
| Liabilities January 1, 1969 | | |
| Interest on 1968 tax warrants | | $ 3,300,000 |
| Other liabilities (including $75,000,000 principal of 1968 tax warrants) | | 240,639,706 |
| | | $243,939,706 |
| Current expenses to be incurred in 1969 | | 355,980,912 |
| Total appropriations for 1969 | | $599,920,618 |
| Current assets January 1, 1969 ("A" above) | $244,026,707 | |
| Non-tax revenue to be received during the year | 146,556,720 | |
| Total resources exclusive of 1969 tax levy | | 390,583,427 |
| Total amount necessary to be raised by the 1969 tax levy | | $209,337,191" |

Objector contends it is obvious from the foregoing computation that the $3,300,000 for 1968 tax warrant interest was included in the 1969 appropriation and thus entered and increased the 1969 tax levy by that amount.

It is not obvious to us that the 1968 interest was included in the 1969 levy. On the contrary, referring to Table "C", we note that if the $3,300,000 interest liability outstanding as of January 1, 1969 was eliminated, as objector suggests it should have been, then we believe that the same amount necessarily should have been deducted from the current assets as of January 1, 1969, $244,026,707 (Table "A"), because included in these assets is the receivable for the collection of the 1968 levy, payable in 1969, from which the $75,000,000 principal and the $3,300,000 esti-

mated interest thereon must be paid. By doing so, the total amount necessary to be raised by the 1969 tax levy would be the same, $209,-337,191.

In further support of his contention of double taxation, objector points out that there was a surplus of only $87,001 in the educational fund at the beginning of 1969 (Table "A"). He agrees (1) that the 1968 appropriation for interest on 1968 warrants was proper; (2) that no money was available to pay that appropriation until the 1968 levy was collected in 1969; (3) that only the money from that 1968 levy was legally useable for payment of interest on 1968 warrants; and (4) that the obligation to pay this interest was set up as a liability in the 1969 budget. Nevertheless, he states that there should have been surplus on hand at the end of 1968 at least equal to the 1968 tax warrant interest appropriations of $3,447,296. He concludes that (1) the fact that the surplus was $87,001 instead of at least $3,447,296 means that the Board expended, for other purposes, the amount appropriated for 1968 tax warrant interest and (2) if the Board had not made such expenditures, the current assets would have increased by at least $3,300,000 (the amount of estimated interest in the 1969 budget) and the 1969 tax levy would have been reduced by a like amount.

Relator contends that the 1968 appropriations, wholly unfinanced during 1968 and not legally collectable in 1968, could not possibly have been spent for other purposes in 1968. Relator also asserts that budgeted appropriations for interest to accrue on warrants must be based on estimates, accounting for the discrepancy between the $3,447,296 appropriations for interest estimated to accrue on 1968 warrants in the 1968 budget and the $3,300,000 estimated liability for 1968 tax warrant interest in the January 1, 1969 balance sheet. It is the relator's position (1) that the interest accrued and to accrue upon the tax warrants was an unpaid claim against the proceeds of the 1968 levy; (2) that as a liability it had to be paid; (3) that $3,447,296 of the 1968 levy was appropriated for the payment of interest and could be used for no other purpose; and (4) that the appropriation for payment of that liability against the 1968 levy was properly included in the 1969 budget.

■■ Both parties agree that the interest on the tax warrants was not payable until 1969 and that the taxes from which they were to be paid were not to be collected until 1969. Therefore, the Board's budget for the year 1969 was correct in showing a receivable for the 1968 tax levy and a liability for interest accrued and to accrue on the tax anticipation warrants outstanding. Surplus is defined as the aggregate excess of assets over liabilities, Webster's New International Dictionary 2539 (2d ed. 1934). The interest on the tax warrants was not payable until 1969, thus

it was properly reflected as a liability and only those assets remaining after deducting all liabilities as of January 1, 1969 could be considered surplus. Accordingly, the $87,001 surplus shown on that date properly did reflect the estimated interest of $3,300,000 which was payable in 1969.

Finally, objector contends that the Board should have eliminated the 1969 interest appropriation of $3,300,000 from the computation of the 1969 levy. Although admitting the Board was required by statute to appropriate for the 1968 tax warrant interest in the 1969 budget, he argues that the liability for the interest and the 1969 appropriation therefore should have been excluded in computing the 1969 tax levy.

Section 34—45 of the School Code of 1961 (Ill. Rev. Stat. 1967, ch. 122, par. 34—45), which requires the Board to prepare a budget annually, provides, *inter alia*, as follows:

"The budget shall include appropriations for:

1. all estimated current expenditures or charges to be made or incurred during such fiscal year, including interest to accrue on anticipation tax warrants and temporary loans;

\* \* \*

4. all other estimated liabilities, including the principal of all tax anticipation warrants and all temporary loans and all accrued interest thereon, incurred during prior years and unpaid at the beginning of such fiscal year; \* \* \*."

Both parties refer us to the case of *People ex rel. Gill v. Schiek*, 368 Ill. 353, 14 N.E.2d 223, which involved an annual appropriation ordinance of the City of Chicago for the year 1934. The ordinance included an appropriation of $1,300,000 for interest on tax anticipation warrants. It was held that the tax warrants must be paid out of the tax levy that they were issued against and, that they were improperly appropriated for and carried into the current levy as a corporation purpose. The court stated at pages 358-9 as follows:

"[W]hile tax anticipation warrants and interest there are payable only out of the taxes against which the warrants are drawn, the statute requires that the appropriation ordinance show an appropriation for such interest and warrants. They are not, however, to be paid out of corporate purposes funds but only out of the taxes for the year against which the warrants are issued."

*Schiek* was discussed by our Supreme Court in *People ex rel. Toman v. M. Born & Co.*, 373 Ill. 490, 26 N.E.2d 848, where at page 499 the court stated:

"In the *Schiek case, supra*, the appropriation ordinance showed estimated income from sources other than taxation, $16,560,000

and a tax levy of $31,925,386.22, or total resources of $48,485,386.22. This was $1,411,484.60 in excess of the amount needed to meet corporate expenses for the year, other than those arising on anticipation tax warrants. We held that it was clear that in considering the amount necessary to be levied to meet the total appropriations for expenses to be paid out of the corporate purpose fund, the city council included in such amount the $1,300,000 interest on tax anticipation warrants, and the levy was excessive to the extent of $1,411,484.60."

Objector contends that *Schiek* is controlling of the issue here because, he contends, the Board, in determining the amount necessary to be levied in 1969 to meet the total appropriations for expenses to be paid out of its educational fund, included $3,300,000 for interest on the tax warrants. He concedes that the appropriation was properly in the budget, but he argues that it should not have been included in the calculation of the amount of the 1969 levy.

■■ We believe objector's reliance on *Schiek* is misplaced. As we have pointed out heretofore in this opinion, the 1969 tax levy was not increased by the inclusion of this tax interest in the 1969 appropriation. In addition, it appears conclusively from the record that the Board did, in fact, pay the 1968 tax warrants and the accrued interest thereon from the collection of taxes in 1969 resulting from the 1968 tax levy.

Parenthetically, we note that if we were to follow objector's reasoning, we would be required to hold, that not only the tax interest, but also the $75,000,000 principal, was included in both the 1968 and 1969 levies, because each was included in the 1968 levy and treated similarly in the appropriation for 1969 and in the computation of the amount to be raised by the 1969 levy. Objector, in contending that only the interest entered into both levies, apparently concedes that the $75,000,000 principal did not enter the 1969 levy; otherwise he should have maintained, in this action, that the 1969 levy was increased as well by this principal amount.

We find that the 1968 appropriation for 1968 tax warrant interest did not enter into the 1969 levy and did not constitute an illegal duplication. We, therefore, affirm the judgment of the trial court.

Affirmed.

ENGLISH and LORENZ, JJ., concur.